IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARRINGTON STURGIS,

   Plaintiff,

v.

WARDEN JEFF NINES,
HOLLY HOOVER,
KAREN COLEMAN, RN,
NEXT GEN HEALTHCARE
  (CENTURION),

   Defendants.

Civil Action No.: SAG-25-841

**MEMORANDUM OPINION**

In response to the above-entitled civil rights complaint, a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, was filed on behalf of Defendant Warden Jeff Nines. ECF No. 14. Self-represented Plaintiff Carrington Sturgis opposed the motion. ECF Nos. 16 and 18.[1] No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons that follow, the motion filed on behalf of Defendant Nines, construed as a Motion to Dismiss, will be granted and the complaint as to Defendant Nines will be dismissed. Service of the remaining Defendants will be required as set forth in the accompanying order.

**I.**   **Background**

Sturgis alleges that he has been suffering with chronic pain since 2021, which became constant pain in 2023 when he was housed in North Branch Correctional Institution ("NBCI"). ECF No. 1 at 4. He states that on the morning of October 22, 2023, he woke up and could not move his legs and that since being housed at NBCI, nothing has been done, and his condition has worsened. ECF No. 5 at 4.

---

[1]   Sturgis captions his opposition briefs as Motions to Proceed; both "motions" will be denied.

He states he does not know what is causing the issue with his legs or causing the pain he has and that this is why he has submitted multiple sick call slips since October 22, 2023. ECF No. 5 at 4. He further claims that Holly Hoover repeatedly refused to see him for several sick call slips he submitted in October of 2024 regarding pain in his legs and claims that on October 28, 2024, she postponed sick call indefinitely. ECF No. 1 at 4.

Sturgis states that Hoover noted in his medical records that x-rays of his left and right hip were unremarkable, his medical problem was not yet diagnosed, and that physical therapy would not benefit him. Nevertheless, he was written orders for physical therapy to begin on January 9, 2025. ECF No. 5 at 8. According to Sturgis, he missed two appointments because he was unable to walk to the appointment on one occasion and on another, he was at an appointment at UPMC. *Id*. He states that he has never been given an MRI for his legs or a CAT scan, even though he informed medical staff that the pain he had in one leg was spreading to the other. *Id*. He admits, however, that he was given an MRI of his spine on March 4, 2025, two years after it was recommended by Dr. Dustin Johnson for the "soft tissues in [his] right hip." *Id*. He states that he was also given a "supposed Cat Scan" but was told by Holly Hoover that it was an MRI. *Id*.

Sturgis relates an incident that occurred on March 18, 2025, when he was speaking with a NexGen Health employee, Michael Love, explaining the severity of his pain and asking about the possibility that he may be suffering from neuropathy. ECF No. 5 at 9. He recalls that Love told him that was not possible because Sturgis does not have diabetes. *Id*. A correctional officer standing nearby, Officer Skidmore, overheard the conversation and offered that he had neuropathy but neither had diabetes nor a family history of diabetes. *Id*. When Sturgis continued to press the issue, Love told him that Officer Skidmore didn't know what he was talking about and that they had done all they could do for him. *Id*.

Sturgis states that he has been denied access to his medical records despite his requests for "results to cat scans, x-rays, MRIs, any and all information" regarding his legs. ECF No. 5 at 5. He claims he has filed administrative remedy procedure complaints ("ARPs") regarding (1) denial of access to his records; (2) revocation of an approval for use of a wheelchair; and (3) being threatened for claiming he could not walk on his own volition back to his housing unit. *See* ECF No. 5-1.

His claim against former Warden Nines is that he never responded to the ARPs Sturgis filed or assisted Sturgis with obtaining appropriate medical care for his ongoing pain. ECF No. 5 at 5-6. Sturgis maintains that Nines "has shown deliberate indifference and neglect consistently towards my serious medical needs and welfare by ignoring me or simply not replying to my complaints." *Id*. at 6.

Defendant Nines states that he was no longer warden at NBCI as of November 9, 2023, and therefore had no personal knowledge regarding Sturgis's medical complaints or the lack of response. ECF No. 14-2 at 32. Nines was promoted to the position of Assistant Commissioner of Correction on January 10, 2024. *Id*.

**II.     Standard of Review**

Defendant Nines moves to dismiss Sturgis's Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 14. To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and

authentic[.]" *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). "To satisfy this standard, [Plaintiff] need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

The Court is mindful that Sturgis is a self-represented litigant. A federal court must liberally construe pleadings filed by such litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

**III.    Analysis**

The gravamen of Sturgis's claim is that he has been denied adequate medical care for a serious medical need affecting his ability to walk and his daily functioning. ECF Nos. 1 and 5. His assertion that Defendant Nines is liable for the failure to provide him with the appropriate care is based on very little evidence that Nines knew about the issue, was in a position to make any changes in the course of treatment, or was otherwise responsible for any of the delays involved. Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. To the extent that Sturgis bases his claim against Nines on the fact that Nines was, at one time, the warden of NBCI, his status as warden is not enough to impose liability for a constitutional violation.

It is well established that the doctrine of respondeat superior[2] does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of

---

[2]    This doctrine imposes liability on an employer/master for an employee's wrongful conduct where there is proof of an employment or master-servant relationship and conduct occurring within the scope of that relationship.

respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).  To state a claim for supervisory liability under § 1983 based on a subordinate's conduct, the plaintiff must allege that (1) the supervisor had actual or constructive knowledge that subordinate's conduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff" (2) the supervisor responded in a manner that was so inadequate that it showed "deliberate indifference to or tacit authorization" of the subordinate's conduct; and (3) there was "an affirmative causal link between the supervisor's inaction" and the plaintiff's constitutional injury. *Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Even assuming Nines had any supervisory authority over medical staff at NBCI, Sturgis has failed to adequately allege a viable cause of action against him.  He has not shown a connection between any failure to act by Nines and a continuation of the failure to provide him with medical care.  ECF No. 16.  Rather, he simply asserts that his claim against Nines is based on his inaction in the face of his multiple letters and ARPs in which he described his medical emergency, which garnered no response.  *Id*. at 2.  While Sturgis asserts he was not informed that Nines was no longer the warden of NBCI, this does not explain the lack of evidence demonstrating Nines both knew about and ignored Sturgis's suffering.  Sturgis fails to explain how Nines would have received any of his complaints or correspondence after he left NBCI; and fails to explain how he was empowered to force the independent medical contractor to change the course of treatment chosen by medical staff after he left.

Nines is therefore entitled to dismissal of the complaint against him based on the lack of personal participation in the alleged constitutional violation described. The complaint as supplemented, however, will not be dismissed in its entirety because the remaining defendants have not responded to the allegations against them, nor have they responded to the attempt to serve the complaint against them. A separate Order dismissing the complaint as to Defendant Nines and directing a renewed attempt to serve the remaining defendants follows.

 November 20, 2025                                              /s/
Date                                                            Stephanie A. Gallagher
                                                                United States District Judge

6